**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| GEICO CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| BRIAN ISAACSON, | ) | |
| | ) | |
| Serve: 6107 Knoll Wood Rd, Apt. 104 | ) | |
| Willowbrook, IL 60527 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHRISTINA ISAACSON, | ) | |
| | ) | |
| Serve: 2608 SE Creek Ridge Ct. | ) | |
| Blue Springs, MO 64014 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BLAKE ISAACSON, | ) | |
| | ) | |
| Serve: 511 SE Main St., Apt. B | ) | |
| Lee's Summit, MO 64063 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KELLY RICE, individually and in her | ) | |
| capacity as Class 1 beneficiary and | ) | |
| representative of all statutory beneficiaries, | ) | |
| pursuant to § 537.080.1, RSMo, with | ) | |
| respect to all claims arising from the | ) | |
| wrongful death of Macie Rice, | ) | |
| | ) | |
| Serve: 2712 NW 3rd Ter. | ) | |
| Blue Springs, MO 64104 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AIMEE MERSHON | ) | |
| | ) | |

Serve: 10927 Reeder St.     )
   Overland Park, KS 66210  )
            )
and           )
            )
KATELIN MERSHON,    )
            )
Serve: 10332 Pflumm Rd., Apt. 1121  )
   Lenexa, KS 66215    )
            )
    Defendants.    )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff GEICO Casualty Company ("GEICO"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, respectfully seeks a declaratory judgment against Defendants Brian Isaacson, Christina Isaacson, Blake Isaacson (collectively, "the Insureds"), as well as Kelly Rice, Aimee Mershon, and Katelin Mershon (collectively, "the Tort Claimants"). In furtherance of this request, GEICO states as follows:

## Nature of Action and Relief Sought

1.   This is an action for declaratory relief under 28 U.S.C. § 2201 for the purpose of determining the parties' rights and obligations, if any, under a Missouri Family Automobile Insurance Policy issued by GEICO to Brian Isaacson and Christina Isaacson, with a policy number of 4433-34-68-32, and a coverage period of October 1, 2016, through April 1, 2017 (hereinafter, "the Policy;" attached hereto as **Exhibit A**).

2.   GEICO and the Tort Claimants have an actual and immediate controversy in that they dispute the bodily injury liability limits available under the Policy for the Tort Claimants' respective claims against the Insureds, as well as GEICO's obligations under the Policy for first aid costs, interest, and court costs.

3.	GEICO seeks a declaration that the Policy's bodily injury liability limits have been fully exhausted through GEICO's payments to Kelly Rice and Katelin Mershon for their claims against Blake Isaacson and, as a result, there are no bodily injury liability limits remaining under the Policy for the Tort Claimants' respective claims against the Insureds.

4.	GEICO also seeks a declaration that it does not owe any payments under the Policy for first aid costs, interest, or court costs.

5.	All necessary and proper parties are before the Court with respect to the matters in controversy as set forth herein.

6.	GEICO has no adequate remedy at law.

**Parties**

7.	GEICO is a Nebraska corporation with its principal place of business in Maryland. GEICO is authorized to provide, and does provide, insurance to motorists in Missouri, including, but not limited to, the Insureds.

8.	Defendant Brian Isaacson is a citizen of the state of Illinois and was, at all times relevant, residing in DuPage County, Illinois.

9.	Defendant Christina Isaacson is a citizen of the state of Missouri and was, at all times relevant, residing in Jackson County, Missouri.

10.	Defendant Blake Isaacson is a citizen of the state of Missouri and was, at all times relevant, residing in Jackson County, Missouri.

11.	Defendant Kelly Rice is a citizen of the state of Missouri and was, at all times relevant, residing in Jackson County, Missouri.

12.	Defendant Kelly Rice is the natural mother of Macie Rice, who is deceased.

13.     Defendant Aimee Mershon is a citizen of the state of Kansas and was, at all times relevant, residing in Jackson County, Missouri or Johnson County, Kansas.

14.     Defendant Aimee Mershon is the natural mother of Defendant Katelin Mershon.

15.     Defendant Katelin Mershon is a citizen of the state of Kansas and was, at all times relevant, residing in Jackson County, Missouri or Johnson County, Kansas.

16.     No Defendant is a minor.

## Jurisdiction & Venue

17.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. There is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

18.     This Court has personal jurisdiction over Christina Isaacson, Blake Isaacson, and Kelly Rice because they are citizens of, and at home in, Missouri.

19.     This Court has personal jurisdiction over Brian Isaacson because this action arises out of Brian Isaacson's making of a contract within the state of Missouri for purposes of § 506.500.1(2), RSMo, and because this action arises out of or relates to Brian Isaacson's purposeful contacts with the state of Missouri, including contracting for automobile liability insurance in the state of Missouri.

20.     This Court has personal jurisdiction over Aimee Mershon and Katelin Mershon because this action arises out of their making of a contract within the state of Missouri for purposes of § 506.500.1(2), RSMo, or, alternatively, their transaction of business within the state of Missouri for purposes of § 506.500.1(1), RSMo, and because this action arises out of or relates to Aimee Mershon and Katelin Mershon's purposeful contacts with the state of Missouri, including contracting with Blake Isaacson (a Missouri citizen) in Missouri and pursuant to a Missouri statute

4

in order to receive insurance funds from a Missouri policy, filing suit in Missouri against Blake Isaacson and Christina Isaacson (both Missouri citizens) for an automobile accident that occurred in Missouri, and filing a separate suit in Missouri against Blake Isaacson and Christina Isaacson to dispute the amount of coverage available under the Missouri policy.

21.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District or, alternatively, venue is proper in this Court under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District.

## The Policy

22.     On October 15, 2016, GEICO issued the Policy to named insureds Brian Isaacson and Christina Isaacson.  **Exhibit A**, p. 2.

23.     The Policy provides for bodily injury liability limits of $100,000 each person / $300,000 each occurrence.  *Id.*

24.     The Policy lists Blake Isaacson as an "Additional Driver."  *Id.*

25.     The Policy lists three vehicles on its declarations pages, including a 2014 Ford Focus SE.  *Id.*

26.     Other than the Policy, neither GEICO Casualty Company nor any other "GEICO" insurance company issued any policy of insurance to Blake Isaacson, Brian Isaacson, or Christina Isaacson for any period including November 16, 2016.  **Exhibit B**, ¶ 6.

27.     Other than the Policy, neither GEICO Casualty Company nor any other "GEICO" insurance company issued any policy of insurance potentially applicable to or covering any actual or alleged liability of Blake Isaacson, Brian Isaacson, or Christina Isaacson in connection with the ownership, operation, maintenance, or use of an automobile on November 16, 2016.  *Id.* at ¶ 7.

5

28.     For bodily injury liability coverage, the Policy's "**LOSSES WE WILL PAY FOR YOU**" section states in part:

> Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of:
> **1. *Bodily injury***, sustained by a person . . .
> arising out of the ownership, maintenance, or use of the *owned auto* or a *non-owned auto*.

**Exhibit A**, p. 6.

29.     For bodily injury liability coverage, the Policy defines the term "*insured*" to mean "a person or organization described under persons insured." *Id.*

30.     For bodily injury liability coverage, the Policy defines the terms "*you*" and "*your*" to mean "the policyholder named in the declarations and his or her spouse if a resident of the same household." *Id.*

31.     For bodily injury liability coverage, the Policy's "**LIMITS OF LIABILITY**" section states in part:

> Regardless of the number of autos or *trailers* to which this policy applies:
>
> 1.     The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages, <u>including damages for care and loss of services</u>, because of ***bodily injury*** to one person as the result of one occurrence.

*Id.* at p. 8 (underlined emphasis added).

32.     The Policy does not provide separate "each person" bodily injury liability limits for a child's bodily injury claim and a mother's derivative claim, such as for loss of services and medical expenses, that is based on the child's bodily injury. *Id.*

33.     Rather, the Policy provides that the $100,000 "each person" bodily injury liability limit is the single limit for "all damages, including damages for care and loss of services" that stem from bodily injury to one person. *Id.*

6

34. For bodily injury liability coverage, the Policy's "**PERSONS INSURED**" section states:

> **Who is Covered**
> Section I applies to the following as *insureds* with regard to an *owned auto:*
> 1. *You* and *your relatives*;
> 2. Any other person using the auto with *your* permission. The actual use must be within the scope of that permission;
> 3. Any other person or organization for his or its liability because of acts or omissions of an *insured* under 1 or 2 above.
>
> Section I applies to the following with regard to a *non-owned auto:*
> 1. (a) *You*;
>    (b) *Your relatives* when using a *private passenger auto, farm auto, utility auto,* or *trailer*.
> Such use by *you* or *your relatives* must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission.
> 2. A person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an *insured* under 1 above.
> <u>The limits of liability stated in the declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence.</u>

*Id.* (underlined emphasis added).

35. The Policy does not provide for a separate bodily injury liability limit for each insured who may be liable to the same claimant for the same accident. *Id.*

36. Rather, "regardless of the number of *insureds* involved," the Policy provides a single $100,000 "each person" bodily injury liability limit that is applicable to all insureds who may be liable to the same claimant for the same accident. *Id.*

37. For bodily injury liability coverage, the Policy's "**ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES**" section provides in part that GEICO will pay:

> 3. Interest calculated on that part of a judgment that is within our limit of liability and accruing:
> (a) Before the judgment, where owed by law, and until we pay, offer to pay, or deposit in court the amount due under this coverage;

7

> (b) After the judgment, and until we pay, offer to pay, or deposit in court, the amount due under this coverage.

*Id.* at p. 23.

38.     GEICO's obligation to pay prejudgment interest under the Policy is triggered only when prejudgment interest accrues before GEICO has paid the amount due under the liability coverage for a claim. *Id.*

39.     GEICO's obligation to pay post-judgment interest under the Policy is triggered only when post-judgment interest accrues before GEICO has paid the amount due under the liability coverage for a claim. *Id.*

40.     For bodily injury liability coverage, the Policy's "**ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES**" section provides in part:

> We will upon request by an ***insured***, provide reimbursement for the following items:
> (a) Costs incurred by any ***insured*** for first aid to others at the time of an accident involving an ***owned auto*** or ***non-owned auto*** .

*Id.* at p. 7, 23.

41.     GEICO's obligation to pay first aid costs under the Policy is owed only to an "***insured***," not a third-party claimant. *Id.*

42.     GEICO's obligation to pay first aid costs under the Policy is triggered only when there is a "request by an ***insured***" for reimbursement of first aid costs, when an "***insured***" has "incurred" first aid costs, and when an "***insured***" has made a payment for first aid costs. *Id.*

43.     For bodily injury liability coverage, the Policy's "**ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES**" section provides in part GEICO will pay: "All court costs charged to an ***insured*** in a covered lawsuit." *Id.* at p. 6.

8

44.     GEICO's obligation to pay court costs under the Policy is triggered only when court costs are charged to an "***insured***." *Id.*

## The Accident

45.     On November 16, 2016, Blake Isaacson was operating the 2014 Ford Focus SE listed in the Policy when he was involved in a motor vehicle accident in Blue Springs, Jackson County, Missouri (hereinafter, "the Accident"). **Exhibit C**, p. 1; **Exhibit D**, p. 1.

46.     No other vehicles listed in the Policy were involved in the Accident. **Exhibit E**, p. 7.

47.     Macie Rice and Katelin Mershon were passengers in the 2014 Ford Focus SE at the time of the Accident. *Id.* at p. 2.

48.     Macie Rice died in the Accident. *Id.*

49.     Katelin Mershon was injured in the Accident. *Id.*

50.     Kelly Rice and Aimee Mershon were not involved in the Accident and did not sustain any bodily injury in the Accident. **Exhibit DD**, p. 3–5.

51.     None of the Insureds has agreed to pay for any medical treatment provided to Macie Rice or Katelin Mershon following the Accident. **Exhibit CC**, ¶ 3.

52.     None of the Insureds has made any payments for medical treatment provided to Macie Rice or Katelin Mershon following the Accident. *Id.* at ¶ 2.

53.     None of the Insureds has requested reimbursement of any payments for medical treatment provided to Macie Rice or Katelin Mershon following the Accident. *Id.* at ¶ 4.

## The Rice Settlement and Exhaustion of Policy Limits to Rice

54.     On December 6, 2016, Kelly Rice sent a letter to GEICO stating in part, "Our family will agree to settle all claims against Blake Isaacson for Macie's death for the limits of all insurance

policies which would cover Blake's acts as long as you will send proof of all of those policies and pay this amount within 30 days from the date you receive this offer." **Exhibit H**, p. 1.

55. On December 26, 2016, Kelly Rice was hand delivered a letter along with a check in the amount of $100,000.00 from GEICO, a certified copy of the Policy, and affidavits from the Insureds and GEICO employee V.R. Mercer attesting, respectively, that each was unaware of any other applicable insurance policies; the letter stated in part: "On behalf of our client Blake Isaacson, and with the consent and approval of his automobile liability insurance carrier GEICO Casualty Company, Blake unconditionally accepts the settlement offer set forth in your letter. . . . . Also enclosed please find GEICO Check Number N89366585 made payable to 'Kelly Rice, for those entitled to sue for wrongful death of Macie Rice' in the amount of One Hundred Thousand and 00/100 Dollars ($100,000.00), which represents the total limits of all insurance policies which could cover Blake's acts." **Exhibit I**, p. 1–2.

56. Kelly Rice refused GEICO's $100,000.00 payment described in ¶ 55, *supra*. **Exhibit F**.

57. After Blake Isaacson filed a petition against Kelly Rice for enforcement of a settlement in Jackson County, Missouri, circuit court, Kelly Rice filed a counterclaim against Blake Isaacson for the wrongful death of Macie Rice in Case No. 1716-CV05576. *Id.*

58. In October/November 2017, Kelly Rice, Blake Isaacson, and GEICO entered into a "Contract to Limit Recovery Pursuant to Missouri Revised Statute § 537.065" (hereinafter, "the Rice Contract"). **Exhibit C**, p. 1.

59. In the Rice Contract, GEICO agreed to pay $100,000 to Kelly Rice "under the accident vehicle coverage" for her wrongful death claim against Blake Isaacson. *Id.* at ¶ 1.

60.     In the Rice Contract, Kelly Rice agreed that, in the event of a judgment against Blake Isaacson on her wrongful death claim, she would limit collection efforts to sources other than Blake Isaacson, including "any insurance company and policy which insures the legal liability of the Insured for such judgment and such damages."  *Id.*

61.     The Rice Contract acknowledged that there remained a dispute between the parties "as to what the total available GEICO liability insurance coverage is available under the GEICO Policy at issue and whether the other liability coverage stacks for the other vehicles listed on the Declaration Pages."  *Id.* at p. 1.

62.     Prior to January 24, 2018, GEICO paid the entire $100,000 amount agreed to in the Rice Contract.  **Exhibit J**; **Exhibit K**, ¶ 25; **Exhibit L**, ¶ 2.

## Rice's Consent Judgment Against Blake Isaacson

63.     On January 24, 2018, the Jackson County, Missouri, circuit court entered a consent judgment that awarded Kelly Rice $3,000,000 in compensatory damages on her wrongful death claim against Blake Isaacson in Case No. 1716-CV05576 (hereinafter, "the Consent Judgment"). **Exhibit N**, p. 1–2.

64.     The Jackson County, Missouri, circuit court awarded prejudgment interest in the Consent Judgment based on a finding that, on April 4, 2017, Blake Isaacson's counsel and GEICO received a settlement offer from Kelly Rice that was compliant with § 408.040, RSMo.  *Id.* at p. 2; **Exhibit O**, p. 1–3.

65.     The Jackson County, Missouri, circuit court awarded "statutory court costs pursuant to R.S.Mo. §492.590" but did not award any other costs in the Consent Judgment. **Exhibit N**, p. 1–2.

66.     The Jackson County, Missouri, circuit clerk did not tax any other costs against Blake Isaacson in Case No. 1716-CV05576. **Exhibit P**, p. 1–16.

67.     Section 492.590, RSMo, provides for deposition costs to be awarded under certain circumstances.

68.     Kelly Rice requested $10,102.38 for deposition costs in Case No. 1716-CV05576. **Exhibit M**, p. 1.

69.     GEICO paid Kelly Rice's requested amount of $10,102.38 for deposition costs. **Exhibit L**, ¶ 2.

<u>**Rice's Pending Action Against Brian Isaacson and Christina Isaacson**</u>

70.     On August 5, 2019, Kelly Rice filed a wrongful death action in Jackson County, Missouri, circuit court (Case No. 1916-CV21388) against Brian Isaacson and Christina Isaacson for their alleged negligent entrustment of the 2014 Ford Focus SE to Blake Isaacson. **Exhibit Q**, ¶ 11.

71.     No judgment has been entered in Kelly Rice's wrongful death action against Brian Isaacson and Christina Isaacson in Case No. 1916-CV21388. **Exhibit R**, p. 1–3.

<u>**The Mershon Settlement and Exhaustion of Policy Limits to the Mershons**</u>

72.     In July/August 2018, Katelin Mershon (through Aimee Mershon as her guardian ad litem), Blake Isaacson, and GEICO entered into a "Contract to Limit Recovery Pursuant to Missouri Revised Statute § 537.065" (hereinafter, "the Mershon Contract"). **Exhibit D**, p. 1.

73.     Katelin Mershon (through Aimee Mershon as her guardian ad litem) executed the Mershon Contract in Missouri. *Id.* at p. 4.

12

74.     In the Mershon Contract, GEICO agreed to pay $100,000 to Katelin Mershon "under the accident vehicle coverage" for her personal injury claim against Blake Isaacson. *Id.* at ¶ 1.

75.     In the Mershon Contract, Katelin Mershon agreed that, in the event of a judgment against Blake Isaacson on her personal injury claim, she would limit collection efforts to sources other than Blake Isaacson, including "any insurance company and policy which insures the legal liability of the Insured for such judgment and such damages." *Id.*

76.     The Mershon Contract acknowledged that there remained a dispute between the parties "as to what the total available GEICO liability insurance coverage is available under the GEICO Policy at issue and whether the other liability coverage stacks for the other vehicles listed on the Declaration Pages." *Id.* at p. 1.

77.     GEICO has paid the entire $100,000 amount agreed to in the Mershon Contract. **Exhibit S**.

## The Mershons' Pending Action Against the Insureds

78.     On September 26, 2019, Katelin Mershon and Aimee Mershon filed an action in Jackson County, Missouri, circuit court (Case No. 1916-CV26413) against Blake Isaacson for his alleged negligent operation of the 2014 Ford Focus SE, and against Brian Isaacson and Christina Isaacson for their alleged negligent entrustment of the 2014 Ford Focus SE. **Exhibit T**, ¶¶ 5, 6 of Count I, ¶ 1 of Count II.

79.     Katelin Mershon's personal injury claim in Case No. 1916-CV26413 is based on her own alleged bodily injury sustained in the Accident. *Id.* at ¶¶ 4, 21 of Count I.

80.     Aimee Mershon's claim for loss of services and medical expenses in Case No. 1916-CV26413 is also based on Katelin Mershon's alleged bodily injury sustained in the

13

Accident; there is no allegation Aimee Mershon sustained bodily injury in the Accident. *Id.* at ¶¶ 3, 4 of Count II.

81.     No judgment has been entered in Aimee Mershon and Katelin Mershon's action in Case No. 1916-CV26413. **Exhibit AA**, p. 1–4.

<u>**GEICO's Prior Federal Court Declaratory Action**</u>

82.     On November 8, 2017, GEICO filed a complaint for declaratory judgment against Kelly Rice and the Insureds in this Court, asking this Court to declare the Policy provides for a bodily injury liability limit of $100,000 each person / $300,000 each occurrence and does not allow stacking of bodily injury liability limits (Case No. 4:17-cv-00941-BCW). **Exhibit U**, ¶¶ 48–51.

83.     On December 18, 2017, GEICO filed its first amended complaint for declaratory judgment in Case No. 4:17-cv-00941-BCW, which added Katelin Mershon as a defendant, by and through her parent and guardian ad litem, Aimee Mershon. **Exhibit V**, p. 1.

84.     On May 24, 2018, this Court granted summary judgment in GEICO's favor on GEICO's first amended complaint for declaratory judgment in Case No. 4:17-cv-00941-BCW, ruling the Policy provides for a bodily injury liability limit of $100,000 each person / $300,000 each occurrence and does not allow stacking of bodily injury liability limits. **Exhibit BB**, p. 1–11.

85.     On August 2, 2019, in Case No. 18-2273, the United States Court of Appeals for the Eighth Circuit affirmed this Court's summary judgment in favor of GEICO, holding "the only collectible insurance available under the policy is the $100,000 for 'each person' and $300,000 for 'each occurrence' listed for the Ford Focus" and the "policy at issue in this case unambiguously prohibit[s] the stacking of liability coverage in the situation presented here." *See GEICO Cas. Co. v. Isaacson*, 932 F.3d 721, 725–26 (8th Cir. 2019); **Exhibit E**, p. 6–7.

<u>**The Tort Claimants' Prior State Court Declaratory Action**</u>

86.     On March 1, 2018, the Tort Claimants filed an action in the Johnson County, Missouri, circuit court (Case No. 18JO-CC00049), alleging claims against GEICO and the Insureds for declaratory relief and equitable garnishment.  **Exhibit G**.

87.     In Case No. 18JO-CC00049, the Tort Claimants sought, with respect to the Policy, "a declaration that the liability coverages stack; that there is available liability coverage for the negligent entrustment claims of Plaintiffs against Christina [and] Brian Isaacson; and that there is additional payments for interest and the statutory court and deposition costs awarded or due Plaintiffs and additional payments for first aid provided to Katelin Mershon and/or Macie Rice," as well as a declaration regarding the liability coverage available for "Aimee Mershon's loss of service claim and specifically for all medical bills."  *Id.* at ¶¶ 22, 25.

88.     On February 2, 2020, the Johnson County, Missouri, circuit court ordered the Tort Claimants' action for declaratory relief and equitable garnishment transferred to the Jackson County, Missouri, circuit court, where it was assigned Case No. 2016-CV04320.  **Exhibit W**.

89.     On April 8, 2021, GEICO moved for summary judgment on all of the Tort Claimants' claims in Case No. 2016-CV04320.  **Exhibit X**, p. 1–4.

90.     The Tort Claimants did not file an opposition to GEICO's motion for summary judgment, but instead voluntarily dismissed their action without prejudice in Case No. 2016-CV04320 on June 7, 2021.  **Exhibit Y**, p. 1.

91.     On June 14, 2021, the Jackson County, Missouri, circuit court entered an order dismissing the Tort Claimants' action without prejudice in Case No. 2016-CV04320.  **Exhibit Z**.

15

## Count I – Declaratory Judgment on Limits Exhaustion for Kelly Rice

92.     GEICO re-alleges and incorporates Paragraphs 1 through 91 of this Complaint for Declaratory Judgment as if fully set forth herein.

93.     Because the Policy provides a single $100,000 "each person" bodily injury liability limit "regardless of the number of *insureds* involved" in an accident, a single $100,000 "each person" bodily injury liability limit applies to all of Kelly Rice's claims against the Insureds arising out of the Accident—*i.e.,* there are not separate limits for each individual Insured.

94.     With respect to Kelly Rice, the Policy's $100,000 "each person" bodily injury liability limit was exhausted through GEICO's payment of the entire limit to Kelly Rice for her claim against Blake Isaacson.

95.     As a result, there are no additional bodily injury liability limits remaining under the Policy for Kelly Rice's claims against the Insureds.

WHEREFORE, GEICO prays this Court declare the rights and obligations of the parties under the Policy with respect to Kelly Rice's claims against the Insureds, adjudging and declaring:

A. The Policy's $100,000 "each person" bodily injury liability limit has been completely exhausted with respect to all claims Kelly Rice has or may have against the Insureds arising out of the Accident;

B. There are no additional "each person" bodily injury liability limits remaining under the Policy for Kelly Rice's claims against the Insureds; and

C. An award for GEICO's costs, and for such other and further relief as the Court deems just and proper.

16

**Count II – Declaratory Judgment on Limits Exhaustion for Katelin Mershon**

96.     GEICO re-alleges and incorporates Paragraphs 1 through 95 of this Complaint for Declaratory Judgment as if fully set forth herein.

97.     Because the Policy provides a single $100,000 "each person" bodily injury liability limit "regardless of the number of *insureds* involved" in an accident, a single $100,000 "each person" bodily injury liability limit applies to all of Katelin Mershon's claims against the Insureds arising out of the Accident—*i.e.,* there are not separate limits for each individual Insured.

98.     With respect to Katelin Mershon, the Policy's $100,000 "each person" bodily injury liability limit was exhausted through GEICO's payment of the entire limit to Katelin Mershon for her claim against Blake Isaacson.

99.     As a result, there are no additional bodily injury liability limits remaining under the Policy for Katelin Mershon's claims against the Insureds.

WHEREFORE, GEICO prays this Court declare the rights and obligations of the parties under the Policy with respect to Katelin Mershon's claims against the Insureds, adjudging and declaring:

> A. The Policy's $100,000 "each person" bodily injury liability limit has been completely exhausted with respect to all claims Katelin Mershon has or may have against the Insureds arising out of the Accident;
>
> B. There are no additional "each person" bodily injury liability limits remaining under the Policy for Katelin Mershon's claims against the Insureds; and
>
> C. An award for GEICO's costs, and for such other and further relief as the Court deems just and proper.

17

**Count III – Declaratory Judgment on Limits Exhaustion for Aimee Mershon**

100.    GEICO re-alleges and incorporates Paragraphs 1 through 99 of this Complaint for Declaratory Judgment as if fully set forth herein.

101.    Aimee Mershon's derivative claims for loss of services and medical expenses against the Insureds, and Katelin Mershon's personal injury claims against the Insureds, are both based on bodily injury to the same person (Katelin Mershon).

102.    Because they are both based on bodily injury to the same person (Katelin Mershon), Aimee Mershon's derivative claims for loss of services and medical expenses against the Insureds is subject to the same $100,000 "each person" bodily injury liability limit under the Policy as Katelin Mershon's personal injury claims against the Insureds—*i.e.,* there are not separate limits for these claims.

103.    Because the $100,000 "each person" bodily injury liability limit was exhausted with respect to Katelin Mershon as stated in ¶¶ 98 and 99, *supra*, leaving no additional bodily injury liability limits remaining under the Policy for Katelin Mershon's claims against the Insureds, it is likewise exhausted with respect to Aimee Mershon, leaving no additional bodily injury liability limits remaining under the Policy for Aimee Mershon's derivative claims for loss of services and medical expenses against the Insureds.

WHEREFORE, GEICO prays this Court declare the rights and obligations of the parties under the Policy with respect to Aimee Mershon's claims against the Insureds, adjudging and declaring:

> A. The Policy's $100,000 "each person" bodily injury liability limit has been completely exhausted with respect to all claims Aimee Mershon has or may have against the Insureds arising out of the Accident;

18

B.  There are no additional "each person" bodily injury liability limits remaining under the Policy for Aimee Mershon's claims against the Insureds; and

C.  An award for GEICO's costs, and for such other and further relief as the Court deems just and proper.

## Count IV – Declaratory Judgment on First Aid Costs

104.  GEICO re-alleges and incorporates Paragraphs 1 through 103 of this Complaint for Declaratory Judgment as if fully set forth herein.

105.  None of the Tort Claimants is an "***insured***" under the Policy's liability coverage.

106.  Instead, the Tort Claimants are all third-party claimants seeking to recover on claims against "***insureds***."

107.  Because the Tort Claimants are third-party claimants rather than "***insureds***," GEICO is not obligated to pay them first aid costs.

108.  None of the Insureds has requested reimbursement for first aid costs arising from the Accident.

109.  Because no "***insured***" has requested reimbursement for first aid costs arising from the Accident, GEICO's obligation to pay first aid costs under the Policy is not triggered.

110.  None of the Insureds has "incurred" first aid costs arising from the Accident.

111.  Because no "***insured***" has "incurred" first aid costs arising from the Accident, GEICO's obligation to pay first aid costs under the Policy is not triggered.

112.  None of the Insureds has made a payment for first aid costs arising from the Accident.

113.  Because no "***insured***" has made a payment for first aid costs arising from the Accident, GEICO's obligation to pay first aid costs under the Policy is not triggered.

19

WHEREFORE, GEICO prays this Court declare the rights and obligations of the parties under the Policy with respect to first aid costs, adjudging and declaring:

    A.  GEICO does not owe any of the Tort Claimants first aid costs under the Policy; and

    B.  An award for GEICO's costs, and for such other and further relief as the Court deems just and proper.

## Count V – Declaratory Judgment on Interest

114.    GEICO re-alleges and incorporates Paragraphs 1 through 113 of this Complaint for Declaratory Judgment as if fully set forth herein.

115.    For a Missouri state court judgment, prejudgment interest begins to accrue 90 days after the defendant (or the defendant's representative) and the defendant's liability insurer receive a settlement offer from the claimant that is in compliance with § 408.040, RSMo.

116.    Based on the Jackson County, Missouri, circuit court's finding in the Consent Judgment that Blake Isaacson's counsel and GEICO received a settlement offer in compliance with § 408.040, RSMo, from Kelly Rice on April 4, 2017, prejudgment interest did not begin to accrue on Kelly Rice's claim against Blake Isaacson until 90 days later (July 3, 2017).

117.    Because GEICO made a $100,000 payment to Kelly Rice for her claim against Blake Isaacson—the amount due under the Policy's liability coverage—before any prejudgment interest could accrue, GEICO's obligation to pay prejudgment interest under the Policy is not triggered with respect to Kelly Rice's claim against Blake Isaacson.

118.    Post-judgment interest on Kelly Rice's claim against Blake Isaacson did not begin to accrue until January 24, 2018, the date the Consent Judgment was entered.

119. Because GEICO made a $100,000 payment to Kelly Rice for her claim against Blake Isaacson—the amount due under the Policy's liability coverage—before any post-judgment interest could accrue, GEICO's obligation to pay post-judgment interest under the Policy is not triggered with respect to Kelly Rice's claim against Blake Isaacson.

WHEREFORE, GEICO prays this Court declare the rights and obligations of the parties under the Policy with respect to interest, adjudging and declaring:

    A. GEICO does not owe Kelly Rice any prejudgment interest under the Policy with respect to her claim against Blake Isaacson;

    B. GEICO does not owe Kelly Rice any post-judgment interest under the Policy with respect to her claim against Blake Isaacson; and

    C. An award for GEICO's costs, and for such other and further relief as the Court deems just and proper.

### Count VI – Declaratory Judgment on Court Costs

120. GEICO re-alleges and incorporates Paragraphs 1 through 119 of this Complaint for Declaratory Judgment as if fully set forth herein.

121. Other than the $10,102.38 for deposition costs that were awarded pursuant to § 492.590, RSMo, and which GEICO paid in full, no other court costs were awarded or taxed on Kelly Rice's claim against Blake Isaacson in Case No. 1716-CV05576.

122. Because there are no court costs charged to an "*insured*" that remain outstanding on Kelly Rice's claim against Blake Isaacson in Case No. 1716-CV05576, GEICO's obligation to pay any other court costs under the Policy is not triggered with respect to Kelly Rice's claim against Blake Isaacson.

WHEREFORE, GEICO prays this Court declare the rights and obligations of the parties under the Policy with respect to court costs, adjudging and declaring:

A.  GEICO does not owe Kelly Rice any court costs under the Policy with respect to her claim against Blake Isaacson; and

B.  An award for GEICO's costs, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ *Sarah Lynn Baltzell*
  Douglas S. Beck, #49984
  Sarah Lynn Baltzell, #60937
  W. Clark Richardson, #66948
  Taylor B. Markway, #68228

2555 Grand Boulevard
Kansas City, Missouri  64108-2613
Telephone:  816.474.6550
Facsimile:  816.421.5547
dbeck@shb.com
slynn@shb.com
wrichardson@shb.com
tmarkway@shb.com

ATTORNEYS FOR PLAINTIFF
GEICO CASUALTY COMPANY

22